UNITED STATES DISTRICT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Daniel L. Tabb, Jr. } | |
| } | |
| PLAINTIFF } | |
| } | |
| Vs. } | VERIFIED CLAIM FOR DAMAGES |
| } | JURY TRIAL DEMANDED |
| ATLANTIC LAW GROUP, LLC } | |
| } | **16- 541** |
| DEFENDANT } | |

FILED
JUN 29 2016
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

COMES NOW Daniel L. Tabb, Jr. to bring this action against ATLANTIC LAW GROUP, LLC (hereinafter "ALG") Defendant for violation of the Fair Debt Collection Practices Act.

## I.   INTRODUCTION

1.   This action is due to the improper and illegal conduct by Defendant in attempt to collect an alleged debt. Defendant is a debt collector defined in 15 U.S.C. section 1692a (6). Plaintiff is a consumer defined in 15 U.S.C. section 1692a (3). Defendant illegally communicated with Defendant by to comply with 15 U.S.C. section 1692(c). Due to the fact the Defendant had no prior consent to communicate with the Plaintiff, Defendant failed to provide evidence from a court of competent jurisdiction to communicate with consumer Plaintiff. Defendant has not presented Plaintiff with data nor evidence of any alleged debt which can sufficiently discern as an obligation that Plaintiff owe a debt. Defendant has presented Plaintiff with data that is known or evident that it has been acquired through public sources. Defendant sent Plaintiff a dunning notice. The Plaintiff actions before this court is to recover actual damages, cost, fees and expenses incurred by Plaintiff, prior to and during the pendency of this

action. Plaintiff has pursued all of its administrative remedies and those explicitly written in the FDCPA. Defendant has engaged in abuse acts, harassment, invasion of privacy in Plaintiff's private commercial affairs. Defendant should not be in possession of any private commercial instruments or documents belonging to Plaintiff. Instead Defendant is in possession of nonpublic private data and information which has been and could be used against Plaintiff in an abusive fashion. At times relevant to this action Defendant acquired whatever data it has in its possession from a third party and has used that data in its illegal act and conduct towards the Plaintiff. The information and data the Defendant has used in its illegal conduct was obtained by Defendant while the alleged claims of a debt was in default. At all times relevant each of the acts of Defendant included all communications that were not given prior written consent by the Plaintiff or express permission from a court of competent jurisdiction. Therefore each of the communications are in violation of 15 U.S.C. section 1692(c). Defendant communication to Plaintiff also consists of false and misleading representations which is in violation of 15 U.S.C. section 1692(e)(10) and section 1692(e)(11). Defendant did not have consumer prior consent to communicate with her pertaining a debt. Defendant did not have authority from a court of competent jurisdiction to communicate with Plaintiff.

## II. PARTIES

2.      Daniel L. Tabb, Jr. is the Plaintiff is this action. Daniel L. Tabb, Jr. is a consumer as defined in 15 USC 1692a(3) because he is a natural person. Plaintiff is a consumer because he engage in a consumer transaction in which the subject of the transaction incurred consumer goods for personal, family and household purposes.

3.      Defendant ALG is a debt collector as defined in 15 USC 1692a(6). Defendant ALG is in the business of collecting defaulted debt through the use of interstate commerce and

the mails. Defendant ALG principal place of business is located at 913 North Market Street, Suite 1011, Wilmington, DE 19801.

### III. JURISDICTION & VENUE

4. Venue for the within action is properly within the jurisdiction of this Court upon the ground, that one Plaintiff resides within this Judicial district of the County of New Castle Delaware. The court also has jurisdiction pursuant to 15 USC 1692.

### IV. VERIFIED FACTS

5. Plaintiff received two dunning communications from Defendant ALG on or about August 3, 2015 indicating that Defendant that the communication was from a debt collector attempting to collect a debt. See Exhibit 1

6. Defendant identified its functioning capacity as a debt collector attempting to collect a debt. See Exhibit 1

7. Defendant regularly collects or attempts to collect debts owed to another entity.

8. Defendant was attempting to collect a debt from Plaintiff.

9. Defendant claimed that Plaintiff was in default in the communications.

10. Defendant claimed that Plaintiff owed $365,632.15 in the communication. See Exhibit 1

11. Defendant claimed that the debt was in default and that the loan had been accelerated.

12. Plaintiff sent Defendant a Notice of Dispute disputing the alleged debt on or about August 28, 2015. See Exhibit 2

13. Plaintiff within the Notice of Dispute, specifically requested that Defendant produce the notice of acceleration that was sent to Plaintiff in the mail. See Exhibit 2

14. Defendant communications sent to Plaintiff constitutes debt collection activity under the Fair Debt Collection Practices Act (hereinafter "FDCPA").

15. Defendant made false and misleading representations in the communication.

16. Defendant misrepresented the alleged amount claimed to be owed from Plaintiff in the communication.

17. Defendant claimed that Plaintiff now owes $365,632.15.

18. Defendant misrepresented that the loan was accelerated.

19. Defendant failed to validate and verify the alleged debt within thirty (30) days.

20. Defendant never verified or validated anything after Plaintiff disputed the alleged debt.

21. Defendant used deceptive means in an attempt to collect a debt from Plaintiff.

22. On or about December 9, 2015, Defendant sent Plaintiff a subsequent communication failing to state that Defendant was a debt collector. See Exhibit 3

23. Plaintiff received two (2) communications from Defendant on or about August 3, 2015 without prior written consent from Plaintiff or express permission from a court of competent jurisdiction. See Exhibit 1

24. Plaintiff received communication from Defendant on or about December 9, 2015 without prior written consent from Plaintiff or express permission from a court of competent jurisdiction. See Exhibit 3

25. As a result Plaintiff has suffered from mental anguish and severe emotional distress and seeks actual damages, cost and statutory damages.

26. Plaintiff action is specifically based on the conduct and behavior of Defendant in debt collection efforts.

27. Plaintiff seek the court administrative power to conduct a limited judicial review of Plaintiff enforcement actions taken in compliance with the FDCPA.

28. Plaintiff request that the court conduct a limited judicial review of the verified claims in this action.

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES
## 15 USC 1692c(a), 1692e(2)(A), (10) & (11)

29. The verified facts set forth in the preceding paragraphs one (1) through twenty-eight (28) are hereby incorporated as referenced.

30. Plaintiff is a consumer as defined in 15 USC 1692a (3).

31. Defendant ALG is a debt collector as defined in 15 USC 1692a (6).

32. Defendant is attempting to collect an alleged debt as defined in 15 USC 1692a (5).

33. All communications sent to Plaintiff from Defendant have been without prior express consent given directly to Defendant from Plaintiff.

34. All communications to Plaintiff from Defendant do not have express permission from a court of competent jurisdiction to communicate with Plaintiff regarding an alleged debt.

35. Upon information and belief Defendant did not have authorization to communicate with Plaintiff which is in violation of 15 U.S.C. section 1692c.

36. Defendant used false representation and deceptive means in an attempt to collect or attempt to collect an allege debt from Plaintiff by making false statements in the initial communication to Plaintiff.

37. Defendant falsely represented that the loan has been accelerated without verifying and validating the alleged debt.

38. Defendant falsely represented that the loan was in default without verifying or validating the alleged debt.

39. Plaintiff properly disputed the alleged debt and Defendant to provide verification and validation of the alleged debt within thirty (30) days.

40. Defendant never provided the specific notice of acceleration as requested in Defendant Notice of Dispute.

41. Defendant falsely represented that The Bank of New York f/k/a The Bank of New York as successor trustee for JPMorgan Chase Bank, N.A., as Trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-2 as the creditor (hereinafter "The Bank"). See Exhibit 1

42. Defendant falsely represented that The Bank was purportedly assigned the mortgage on or about July 30, 2014. See Exhibit 3

43. It is impossible for The Bank to have been assigned the mortgage on or about July 30, 2016 due to the fact that Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-2 closed for business on March 1, 2005.

44. On or about March 9, 2016, the alleged servicer Ocwen Loan Servicing, LLC (hereinafter "Ocwen") sent a communication to Plaintiff confirming that there is no single owner of the alleged loan. See Exhibit 4

45. On or about March 9, 2016, the alleged servicer Ocwen sent a communication to Plaintiff confirming that The Bank of New York Mellon f/k/a The Bank of New York do not own the loan. See Exhibit 4

46. Upon information and belief Defendant used false representation and deceptive means to collect or attempt to collect an allege debt from Plaintiff which is in violation of 15 U.S.C. section 1692e (10).

47. Defendant sent Plaintiff a subsequent communication in the mail on or about December 9, 2015, failing to notify Plaintiff that Defendant is a debt collector. See Exhibit 3

48. Upon information and belief Defendant failure to notify Plaintiff in subsequent communications that Defendant is a debt collector is in violation of 15 U.S.C. section 1692e (11).

49. Defendant has misrepresented the status of the alleged debt. See Exhibit 1.

50. Without verification and validation of the alleged debt, Defendant falsely determined that the loan had been accelerated. See Exhibit 1

51. Upon information and belief Defendant used false representation of the alleged amount of the alleged debt in violation of 15 U.S.C. section 1692e (2)(A).

52. As a result of Plaintiff has suffered mental anguish and seeks statutory and actual damages plus cost.

## DEMAND FOR REMEDY

WHEREFORE, Plaintiff demands judgment as follows;

(a) Statutory Damages of $8,000 FDCPA;

(b) Actual Damages of $365,632.15 FDCPA;

(c) and Award Plaintiff Fees of Cost of This Action.

*Daniel L. Tabb, Jr.* (signature)
Daniel L. Tabb, Jr.
202 E. Wayne Way
Middletown, DE 19709
610-842-7442

Dated: ~~April 18,~~ June 28, 2016

UNITED STATES DISTRICT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Daniel L. Tabb, Jr. | }<br>}<br>} |
| PLAINTIFF | }<br>} |
| Vs. | }  VERIFICATION<br>} |
| ATLANTIC LAW GROUP, LLC | }<br>} |
| DEFENDANT | }<br>} |

Before me, the undersigned notary, on this day personally appeared Daniel L. Tabb, Jr., the affiant, a person whose identity is known to me. After I administer an oath affiant testified as follows:

"My name is Daniel L. Tabb, Jr.. I have read and executed the verified claim against ATLANTIC LAW GROUP, LLC. The facts stated within the "Verified Claim" are within my personal knowledge and are true and correct."

*Daniel L Tabb Jr*
NAME OF AFFIANT

SWORN TO and SUBSCRIBED before me by __Daniel Tabb Jr__ on this day __26th__ of __June__ 2016.

*Veenu Shaikh*
Notary Public in and for
The state of Delaware

> VEENU SHAIKH
> Notary Public
> State of Delaware
> My Commission Expires on Jun 17, 2019